# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| SHANON AMBERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 4:17-cv-00392-KOB-JHE |
| ) | |
| WARDEN DEBORAH TONEY, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On January 6, 2020, the magistrate judge filed a report recommending the court grant Respondents' motion for summary dismissal and dismiss Petitioner Shanon Amberson's petition for habeas relief. (Doc. 17). Amberson filed timely objections to the report and recommendation. (Doc. 18).

In his objections, Amberson reasserts his claim that his trial counsel was ineffective for failing to request a "unanimity instruction" after the prosecution failed to elect which particular act upon which it sought conviction. (Doc. 18 at 4-10). Amberson argues the "either/or" rule was not applied to his criminal case and it was "impossible for the jury to believe that all of the alleged incidents occurred" when evidence was presented that he was out of the city, state, or country at times during the ten-year span the alleged abuse occurred. (*Id*. at 6-7).

1

In *R.A.S. v. State*, 718 So. 2d 117, 118-19 (Ala. 1998), the Alabama Supreme Court explained the doctrine of election:

> Traditionally, Alabama follows a strict election rule, by which the State must elect the offense on which it will proceed when the evidence discloses two or more offenses growing out of distinct and separate transactions. In *R.L.G. v. State*, the Court of Criminal Appeals expanded the strict election rule in sexual abuse cases involving a resident abuser of small children where only generic evidence was presented, stating:
>
>> "[W]e adopt, for purposes of this case, the 'either/or' rule, but only as that rule is modified for generic evidence: where the evidence of more than one incident of sexual molestation to a child victim by a resident child molester is purely generic and where 'there is no reasonable likelihood of juror disagreement as to particular acts, and the only question [for the jury] is whether or not the defendant in fact committed all of [the incidents],' the trial court should instruct the jury that it can find the defendant guilty only if it unanimously agrees that he committed all the incidents described by the victim."
>
> 712 So. 2d [348, 367 (Ala. Crim. App. 1997)] (emphasis omitted). The 'either-or' rule provides that the prosecution must elect which single act it is relying for a conviction or else the trial judgment must give a specific unanimity instruction.

In *R.L.G. v. State*, the Court of Criminal Appeals found that, although the trial court should have given an unanimity instruction, any error was harmless because whether R.L.G. committed any of the alleged abuse acts was determined by the resolution of the credibility dispute. 712 So. 2d 348, 368 (Ala. Crim. App. 1997). The court observed that "[s]ome cases found harmless any error in failing either to

select specific offenses or [to] give a unanimity instruction, if the record indicated the jury resolved the basic credibility dispute against defendant and would have convicted the defendant of *any* of the various offenses shown by the evidence to have been committed." *Id*. (quoting *People v. Jones*, 51 Cal. 3d 294, 307 (1990)). The court reasoned that the prosecution against R.L.G. "hinged solely on credibility, i.e., the defense was designed to show that none of the incidents occurred" and that "[t]here was absolutely no rational basis by which the jury could have found the appellant committed one of the incidents but not the others." *Id*. at 369.

The Court of Criminal Appeals found that since Amberson acknowledged the victim's testimony was purely generic – and he denied the victim's allegations – the issue before the jury was a credibility determination. (Doc. 5-29 at 8). The court found Amberson failed to plead any facts demonstrating how a unanimity instruction would have altered the jury's credibility determination. (*Id*.). The court also found that Amberson failed to plead any facts that, if true, would demonstrate that there was a reasonable probability that the result of his proceedings would have been different had his trial counsel requested a unanimity instruction or objected to the trial court's failure to give a unanimity instruction. (*Id*.). Because the court found Amberson's claim of prejudice was insufficiently pled, it held he was not entitled to any relief on the issue. (*Id*.).

3

Amberson has not provided any evidence that the Alabama Court of Criminal Appeals' determination was "contrary to" or an "unreasonable application of" *Strickland v. Washington*, or that the determination was an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Nothing in the Alabama Court of Criminal Appeals' application of *Strickland* was unreasonable. Therefore, Amberson's objection on this ground is overruled.

Amberson next objects to the magistrate judge's finding that he is not entitled to relief on his claim that counsel was ineffective for failing to object to the trial court's jury instruction that first-degree rape could be committed when "forcible compulsion" was used to compel a person to engage in "sexual contact," rather than "sexual intercourse," as alleged in the indictment. (Doc. 18 at 11-13). Specifically, the Alabama Court of Criminal Appeals found Amberson's claim to be moot because he was acquitted of first-degree rape by forcible compulsion and was instead found guilty of first-degree rape of a child less than twelve years of age. (Doc. 5-29 at 8-9). The magistrate judge found that the appellate court's conclusion was not contrary to or an unreasonable application of clearly established federal law and was not an unreasonable determination of the facts in light of the evidence presented. (Doc. 17 at 17-18).

Amberson alleges the magistrate judge overlooked the "spill-over effect" and argues the trial court's misstatement tainted "the remaining three counts." (Doc. 18 at 11, 13). However, Amberson merely speculates that the trial court's misstatement somehow affected the jury's verdict on the other counts without offering any factual or legal support for his claims. Accordingly, Amberson's objection lacks merit and is overruled.

Amberson failed to file specific objections to the report and recommendation concerning his third and fourth claims, but instead generally complains that "state courts continue to convict innocent individuals through vindictive prosecution." (Doc. 11 at 14-15). The magistrate judge advised the parties that objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. (Doc. 17 at 28). To the extent objections can be extracted from Amberson's averments, they are overruled.

Lastly, Amberson argues he is entitled to relief on his claim that evidence used to convict him was obtained by unreasonable search and seizure. (Doc. 18 at 16-20). Amberson acknowledges that he did not raise this ground on appeal but argues the court should excuse his procedural default due to his appellate counsel's failure to raise the claim and because he is actually innocent. (*Id.*).

Amberson has not presented to an Alabama court the claim that his appellate

counsel was ineffective for failing to raise his Fourth Amendment claim on appeal and, therefore, such claim is unexhausted. *Murray v. Carrier*, 477 U.S. 485, 488-89 (1986) ("[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Dowling v. Sec'y for Dep't of Corr.*, 275 F. App'x 846, 847 (11th Cir. 2008) ("Because Dowling did not raise his ineffective assistance of appellate counsel claim in state court and is precluded from seeking additional review of that claim in state court, Dowling's ineffective assistance of appellate counsel claim is procedurally defaulted and cannot be considered as cause for the default of his trial court error claim." (citing *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000))).

Moreover, Amberson's claim of innocence does not excuse his procedural default. The United States Supreme Court has held that actual innocence, if proved, serves as a gateway allowing a habeas petitioner to overcome an impediment due to a procedural bar or expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But a successful actual-innocence gateway claim to overcome a procedural bar requires a petitioner to support his allegations of constitutional error "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was

not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Nevertheless, "tenable actual-innocence gateway pleas are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (alteration adopted) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Amberson has not made a colorable showing of actual innocence because he fails to demonstrate "new reliable evidence" that was previously unavailable to him. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Accordingly, Amberson has not shown he is actually innocent of the crime to overcome the procedural default.

Even if this claim was not procedurally defaulted, it is subject to dismissal on the merits because the U.S. Supreme Court has held that if the "State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Amberson does not argue he was somehow denied the opportunity to raise his Fourth Amendment claim during his trial. Therefore, review of this claim is barred under *Stone*, 428 U.S. at 494.

Having carefully considered *de novo* all the materials in the court file,

including the report and recommendation and the objections thereto, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. In accordance with the recommendation, the court finds that Respondents' motion for summary dismissal is due to be granted and Amberson's claims are due to be dismissed. A certificate of appealability is due to be denied.

The court will enter a separate Final Judgment.

DONE and ORDERED this 18th day of February, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE